**FILED**
**U.S. DISTRICT COURT**
**EASTERN DISTRICT ARKANSAS**

NOV 2 5 2025

TAMMY H. DOWNS, CLERK
By:_____
DEP CLERK

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**DELTA DIVISION**

**DEMARCUS BORUM**                                                          **PLAINTIFF**

**V.**                              CASE NO. *2:25cv235-DPM*

**CITY OF HELENA-WEST HELENA, ARKANSAS;**
**MAYOR CHRISTOPHER FRANKLIN,**
**Individually and in his Official Capacity;**
**JAMES VALLEY, Individually and in his Official Capacity**            **DEFENDANTS**

**NOTICE OF REMOVAL**

Come now, Separate Defendant, the City of Helena-West Helena, Mayor Christopher Franklin, in his official capacity only[1], and James Valley, in his official capacity only[2] (collectively "the City"), by and through its attorney, Jenna Adams, and for its Notice of Removal, states as follows:

1.     Plaintiff filed a Complaint on August 22, 2025, in the Circuit Court of Phillips County, Arkansas, Case No. 54CV-25-267. Defendants named were City of Helena-West Helena, Mayor Christopher Franklin, individually and in his official capacity, and James Valley, individually and in his official capacity.

2.     The City has filed an Answer to the Complaint on November 25, 2025. The City has simultaneously filed a Notice of Parties and State Court of Removal with the Circuit Court of Phillips County, Arkansas, pursuant to 28 U.S.C. §1446(d).

---

[1] Claims against individuals in their official capacities are equivalent to claims against the entity in which they work for, in this case, the City of West Memphis. *Gorman v. Bartch*, 152 F.3d 907, 914 (8th Cir. 1998) (citing *Hafer v. Melo*, 502 U.S. 21, 25 (1991)).

[2] Claims against individuals in their official capacities are equivalent to claims against the entity in which they work for, in this case, the City of West Memphis. *Gorman v. Bartch*, 152 F.3d 907, 914 (8th Cir. 1998) (citing *Hafer v. Melo*, 502 U.S. 21, 25 (1991)).

This case assigned to District Judge *Marshall*
and to Magistrate Judge *Moore*

3.      Plaintiff's Complaint alleges violations of 42 U.S.C. § 1983, including violations of the First and Fourteenth Amendment to the United States Constitution, as well as violations under the Arkansas Constitution, Arkansas Civil Rights Act, and common law tort of defamation.

4.      28 U.S.C. §1441(a) allows a defendant to remove civil actions from state to federal court when such actions are within the original jurisdiction of the federal court. Original federal question jurisdiction is vested in the federal courts under 28 U.S.C. §1331 regarding cases "arising under" the Constitution and laws of the United States, regardless of the amount of controversy. This Court has both original and removal jurisdiction over United States Constitution causes of action. Plaintiff's Complaint clearly states a claim that arises under the United States Constitution. Thus, original federal jurisdiction is vested pursuant to 28 U.S.C. §1331 and removal is proper under the federal removal statutes.

5.      Venue is proper in this Court.

6.      A true and correct copy of the pleadings served on the City are attached hereto as Exhibit "A" an incorporated herein by this reference, these constituting all process, pleadings and orders which have been served on the City. The Answer filed on behalf of the City is also attached hereto as Exhibit "B" for the convenience of the Court.

7.      Pursuant to 28 U.S.C. §1446, the City herby gives notice of the removal of this action from the Circuit Court of Phillips County, Arkansas, to the United States District Court for the Eastern District of Arkansas.

8.      Defendants Christopher Franklin and James Valley, through undersigned counsel, have been contacted and provided consent to the removal of this action to federal court, in accordance with 28 U.S.C. § 1446(b)(2)(A).

2

WHEREFORE, the City prays that this action be removed from the Circuit Court of Phillips County, Arkansas, to the United States District Court for the Eastern District of Arkansas, in accordance with 28 U.S.C. §1331, §1441 and §1446, and for all other just and proper relief to which there is entitlement.

Respectfully submitted,

**SEPARATE DEFENDANT,**
**The City of Helena-West Helena**

By: _____
Jenna Adams, Ark. Bar No. 2015082
P.O. Box 38
North Little Rock, AR 72115
TELEPHONE: (501) 978-6115
FACSIMILE: (501) 978-6558
EMAIL: jenadams@arml.org

## CERTIFICATE OF SERVICE

I, Jenna Adams, hereby certify that on November 25, 2025, that a true and correct copy of the above and foregoing has been served upon the attorney(s) of record of record as referenced via email:

Luther Oneal Sutter
Lucien R. Gillham
Caleb Baumgardner
Sutter & Gillham, P.L.L.C.
luther.sutterlaw@gmail.com
luthersutter@yahoo.com
luthersutter.law@gmail.com
lucien.gillham@gmail.com
caleb@sglaw@gmail.com

_____
Jenna Adams

## IN THE CIRCUIT COURT OF PHILLIPS COUNTY, ARKANSAS
## CIVIL DIVISION

DEMARCUS BORUM,                                                    PLAINTIFF

v.  Case No. 54CV-25-2107

CITY OF HELENA-WEST HELENA, ARKANSAS
and MAYOR CHRISTOPHER FRANKLIN,
Individually and in his Official Capacity,
JAMES VALLEY, Individually and in his Official Capacity,          DEFENDANTS

*THE STATE OF ARKANSAS TO DEFENDANT:*

CITY OF HELENA-WEST HELENA, ARKANSAS

A lawsuit has been filed against you. The relief demanded is stated in the attached
Complaint. Within 30 days after service of this Summons on you (not counting the day
you received it) — or 60 days if you are a federal institution, or you are incarcerated in
any jail, penitentiary, or other correctional facility in Arkansas — you must file with the
Clerk of this Court a written Answer to the Complaint or a Motion under Rule 12 of the
Arkansas Rules of Civil Procedure.

The Answer or Motion must also be served on the Plaintiff, or Plaintiff's attorney, whose
name and address is: *Luther Sutter, Lucien Gillham and/or Caleb Baumgardner of SUTTER &
GILLHAM, P.L.L.C., 1051 N. Pierce, Ste. 105, Little Rock, AR 72207.*

If you fail to respond within the applicable time period, judgment by default may be
entered against you for the relief demanded in the Complaint.

ADDITIONAL NOTICES INCLUDED: Summons and Complaint, Notice of Consent,
if any, filed by the Clerk's office.

_____

Address of Clerk's Office                    CLERK OF COURT
Phillips County Circuit Clerk
620 Cherry Street, Room 206
Helena, AR 72342-3337
                                             _____
                                             Signature of Clerk or Deputy Clerk]
                                             Date:_____ [SEAL]

This summons for: *CITY OF HELENA-WEST HELENA, ARKANSAS*

EXHIBIT A

## *PROOF OF SERVICE*

☐ On _____ [date] I personally delivered the summons and complaint to the defendant at _____ [place]; or

☐ After making my purpose to deliver the summons and complaint clear, on _____ [date] I left the summons and complaint in the close proximity of the defendant by _____ [describe how the summons and complaint was left] after he/she refused to receive it when I offered it to him/her; or

☐ On _____ [date] I left the summons and complaint with _____, a member of the defendant's family at least 18 years of age, at _____ [address], a place where the defendant resides; or

☐ On_____ [date] I delivered the summons and complaint to _____ [name of individual], an agent authorized by appointment or by law to receive service of summons on behalf of _____ [name of defendant]; or

☐ On _____ [date] at _____ [address], where the defendant maintains an office or other fixed location for the conduct of business, during normal working hours I left the summons and complaint with _____ [name and job description]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in a lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

☐ I am the plaintiff or attorney of record for the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]:

☐ I was unable to execute service because:

My fee is $ _____.

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____

**SHERIFF OF _____ COUNTY, ARKANSAS**

**By:** _____

**[signature of server]** _____

_____

**[printed name, title, and badge number]**

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____

**By:** _____

**[signature of server]**

_____

**[printed name]**

**Address:** _____

**Phone:** _____

**Subscribed and sworn to before me this date:** _____

**Notary Public** _____

**My Commission Expires:** _____

**Additional information regarding service or attempted service:**

_____

_____



| | |
|---|---|
| **Case Title:** | DEMARCUS BORUM V CITY OF HWH, CHRISTOPHER F, JAMES |
| **Case Number:** | 54CV-25-267 |
| **Type:** | SUMMONS - FILER PREPARED |

So Ordered

Chasity Feisch

Electronically signed by CRDEISCH on 2025-08-22    page 4 of 4

## IN THE CIRCUIT COURT OF PHILLIPS COUNTY, ARKANSAS
## CIVIL DIVISION

**DEMARCUS BORUM,**                                                    **PLAINTIFF**

v. Case No. 54CV-25-___

**CITY OF HELENA-WEST HELENA, ARKANSAS
and MAYOR CHRISTOPHER FRANKLIN,
Individually and in his Official Capacity,
James Valley, Individually and in his Official Capacity,**              **DEFENDANTS**

*THE STATE OF ARKANSAS TO DEFENDANT:*

**MAYOR CHRISTOPHER FRANKLIN, In his Individual and Official Capacity**

A lawsuit has been filed against you. The relief demanded is stated in the attached Complaint. Within 30 days after service of this Summons on you (not counting the day you received it) — or 60 days if you are a federal institution, or you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas — you must file with the Clerk of this Court a written Answer to the Complaint or a Motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The Answer or Motion must also be served on the Plaintiff, or Plaintiff's attorney, whose name and address is: *Luther Sutter, Lucien Gillham and/or Caleb Baumgardner of SUTTER & GILLHAM, P.L.L.C., 1051 N. Pierce, Ste. 105, Little Rock, AR 72207.*

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the Complaint.

ADDITIONAL NOTICES INCLUDED: Summons and Complaint, Notice of Consent, if any, filed by the Clerk's office.

_____

Address of Clerk's Office                    CLERK OF COURT
Phillips County Circuit Clerk
620 Cherry Street, Room 206
Helena, AR 72342-3337                        _____
                                             Signature of Clerk or Deputy Clerk]
                                             Date:_____ [SEAL]

This summons for: *MAYOR CHRISTOPHER FRANKLIN*

## *PROOF OF SERVICE*

☐ On _____ [date] I personally delivered the summons and complaint to the defendant at _____ [place]; or

☐ After making my purpose to deliver the summons and complaint clear, on _____ [date] I left the summons and complaint in the close proximity of the defendant by _____ [describe how the summons and complaint was left] after he/she refused to receive it when I offered it to him/her; or

☐ On _____ [date] I left the summons and complaint with _____, a member of the defendant's family at least 18 years of age, at ~~_____ [address], a place where the defendant resides; or~~

☐ On_____ [date] I delivered the summons and complaint to _____ [name of individual], an agent authorized by appointment or by law to receive service of summons on behalf of _____ [name of defendant]; or

☐ On _____ [date] at _____ [address], where the defendant maintains an office or other fixed location for the conduct of business, during normal working hours I left the summons and complaint with _____ [name and job description]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in a lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

☐ I am the plaintiff or attorney of record for the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]:

☐ I was unable to execute service because:

My fee is $ _____.

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____

SHERIFF OF _____ COUNTY, ARKANSAS

By: _____

[signature of server] _____

_____

[printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____

By: _____

[signature of server]

_____

[printed name]

Address: _____

Phone: _____

Subscribed and sworn to before me this date: _____

Notary Public _____

My Commission Expires: _____

Additional information regarding service or attempted service:

_____

_____



**Case Title:**       DEMARCUS BORUM V CITY OF HWH, CHRISTOPHER F, JAMES

**Case Number:**      54CV-25-267

**Type:**             SUMMONS - FILER PREPARED


So Ordered


*Chasity Teisch*

Electronically signed by CRDEISCH on 2025-08-22    page 4 of 4

## IN THE CIRCUIT COURT OF PHILLIPS COUNTY, ARKANSAS
## CIVIL DIVISION

**DEMARCUS BORUM,**                                                    **PLAINTIFF**

v.  Case No. 54CV-25- 2U7

**CITY OF HELENA-WEST HELENA, ARKANSAS
and MAYOR CHRISTOPHER FRANKLIN,
Individually and in his Official Capacity,
JAMES VALLEY, Individually and in his Official Capacity,**          **DEFENDANTS**

*THE STATE OF ARKANSAS TO DEFENDANT:*

**JAMES VALLEY, In his Individual and Official Capacity**

A lawsuit has been filed against you. The relief demanded is stated in the attached
Complaint. Within 30 days after service of this Summons on you (not counting the day
you received it) — or 60 days if you are a federal institution, or you are incarcerated in
any jail, penitentiary, or other correctional facility in Arkansas — you must file with the
Clerk of this Court a written Answer to the Complaint or a Motion under Rule 12 of the
Arkansas Rules of Civil Procedure.

The Answer or Motion must also be served on the Plaintiff, or Plaintiff's attorney, whose
name and address is: *Luther Sutter, Lucien Gillham and/or Caleb Baumgardner of SUTTER &
GILLHAM, P.L.L.C., 1051 N. Pierce, Ste. 105, Little Rock, AR 72207.*

If you fail to respond within the applicable time period, judgment by default may be
entered against you for the relief demanded in the Complaint.

ADDITIONAL NOTICES INCLUDED: Summons and Complaint, Notice of Consent,
if any, filed by the Clerk's office.

_____

Address of Clerk's Office                         CLERK OF COURT
Phillips County Circuit Clerk
620 Cherry Street, Room 206
Helena, AR 72342-3337                         _____
                                              Signature of Clerk or Deputy Clerk]
                                              Date:_____ [SEAL]

This summons for: *JAMES VALLEY*

### PROOF OF SERVICE

☐ On _____ [date] I personally delivered the summons and complaint to the defendant at _____ [place]; or

☐ After making my purpose to deliver the summons and complaint clear, on _____ [date] I left the summons and complaint in the close proximity of the defendant by _____ [describe how the summons and complaint was left] after he/she refused to receive it when I offered it to him/her; or

☐ On _____ [date] I left the summons and complaint with _____ , a member of the defendant's family at least 18 years of age, at _____ [address], a place where the defendant resides; or

☐ On_____ [date] I delivered the summons and complaint to _____ [name of individual], an agent authorized by appointment or by law to receive service of summons on behalf of _____ [name of defendant]; or

☐ On _____ [date] at _____ [address], where the defendant maintains an office or other fixed location for the conduct of business, during normal working hours I left the summons and complaint with _____ [name and job description]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in a lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

☐ I am the plaintiff or attorney of record for the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]:

☐ I was unable to execute service because:

My fee is $ _____.

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____

SHERIFF OF _____ COUNTY, ARKANSAS

By: _____

[signature of server] _____

_____

[printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____

By: _____

[signature of server]

_____

[printed name]

Address: _____

Phone: _____

Subscribed and sworn to before me this date: _____

Notary Public _____

My Commission Expires: _____

Additional information regarding service or attempted service:

_____

_____



**Case Title:**     DEMARCUS BORUM V CITY OF HWH, CHRISTOPHER F, JAMES

**Case Number:**     54CV-25-267

**Type:**     SUMMONS - FILER PREPARED


So Ordered

*Chasity Teisch*

Electronically signed by CRDEISCH on 2025-08-22     page 4 of 4

ELECTRONICALLY FILED
Phillips County Circuit Court
Tamekia L. Franklin, Circuit Clerk
2025-Aug-22  11:33:20
54CV-25-267
C01D01 : 9 Pages

IN THE CIRCUIT COURT OF PHILLIPS COUNTY, ARKANSAS
CIVIL DIVISION

**DEMARCUS BORUM,**                                                                    **PLAINTIFF**

v. Case No. 54CV-25-__2Q7__

**CITY OF HELENA-WEST HELENA, ARKANSAS
and MAYOR CHRISTOPHER FRANKLIN,
Individually and in his Official Capacity,
JAMES VALLEY, Individually and in his Official Capacity,**          **DEFENDANTS**

### COMPLAINT

**COMES NOW**, the Plaintiff, **DEMARCUS BORUM**, through counsel, **SUTTER &**

**GILLHAM, P.L.L.C.**, and for this Complaint states:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff, **DEMARCUS BORUM** ("Plaintiff") is a resident of Phillips County, Arkansas, and at all relevant times was employed by the City of Helena-West Helena as Assistant Fire Chief.

2. Defendant, **CITY OF HELENA-WEST HELENA** ("City") is a municipal corporation organized under the laws of the State of Arkansas.

3. Defendant **MAYOR CHRISTOPHER FRANKLIN** ("Franklin") is the duly elected Mayor of Helena-West Helena and is sued individually and in his official capacity. Defendant **JAMES VALLEY** ("Valley") was an employee of Helena-West Helena and is sued individually and in his official capacity.

4. This Court has subject matter jurisdiction pursuant to Ark. Const. art. 7, § 11.

5.  Venue is proper in Phillips County pursuant to Ark. Code Ann. § 16-60-101, as the acts complained of occurred in Phillips County.

## FACTUAL ALLEGATIONS

6.  On December 30, 2022, while still a City Councilman and prior to taking office as Mayor, Franklin and other council members voted to remove positions from the Fire Department and to decrease Plaintiff's salary by $10,000. Franklin later admitted this was for personal reasons.

7.  In March 2024, Franklin bid on a grass cutting contract for the Helena-West Helena School District. He did not receive the contract, and the District instead hired two maintenance personnel, including Plaintiff.

8.  In September 2024, Franklin learned of Plaintiff's school district employment and told Plaintiff to quit the position so Franklin could have another chance at securing the grass cutting contract.

9.  On September 26, 2024, Franklin directed Fire Chief Brown to terminate Plaintiff and replace him with Captain Derrick Fluker. When asked for a reason, Franklin could not provide one.

10. On November 25, 2024, Plaintiff was called to Station 2 by Laketha Fluker, wife of Captain Fluker, to take a "random" drug test. Plaintiff complied, but was later accused of tampering with the testing process when another firefighter could not return in time for his test.

11. On November 28, 2024, Franklin interrupted a Fire Academy class, questioned new hires about Plaintiff's performance, stated he intended to fire Plaintiff for "talking about him," and threatened to terminate any recruit who disclosed the conversation.

12. On December 2, 2024, Franklin reviewed City payroll records after having already instructed Chief Brown to fire Plaintiff.

13. On December 9, 2024, Plaintiff was terminated based on allegations of payroll falsification for Tyler Jackson's overtime and sick leave, even though payroll entries were made by other employees under supervisor direction.

14. On December 17, 2024, Franklin stormed out of an executive session, preventing the City Council from voting on overturning his termination decision. Chief of Staff James Valley later omitted Plaintiff's reinstatement from the next meeting agenda, delaying any action.

15. On January 24, 2025, Plaintiff discovered Franklin and Valley promoted Captain Fluker to Assistant Fire Chief without notifying HR or Chief Brown, and before the Council could vote on Plaintiff's reinstatement.

16. On January 28, 2025, the City Council voted to reinstate Plaintiff, but Franklin refused to allow Plaintiff to return to work.

17. Between January 29 and February 14, 2025, Franklin assured Plaintiff he would still be paid until reassigned but failed to place Plaintiff in a position or issue any pay.

18. On February 16, 2025, Franklin reassigned Plaintiff to Captain rather than Assistant Fire Chief, despite the Council's reinstatement vote. The Council ordered Plaintiff be paid at the Assistant Fire Chief rate.

19. On March 24, 2025, payroll records were altered to reduce Plaintiff's salary from $54,080 to $35,000 without cause or reprimand.

20. On March 31, 2025, Plaintiff had not received his paycheck for the January 23 – February 5 pay period. The timesheet had been submitted and processed, but Franklin refused to issue the check.

21. On April 8, 2025, Franklin refused to sign Plaintiff's paycheck, claiming Plaintiff could not earn overtime because of his school district job, despite other firefighters having multiple jobs. The City Treasurer signed the check over Franklin's objection, noting the decision was personal and improper.

22. On April 9, 2025, Franklin saw Plaintiff cutting grass at Central High School and said, "Look at him cutting that grass taking food out of my mouth."

23. On April 29, 2025, Franklin finally signed Plaintiff's delayed paycheck from January 23 – February 5.

24. Plaintiff has suffered loss of wages, loss of rank, loss of overtime opportunities, delayed paychecks, and a reduction in salary from $54,080 to $35,000.

25. Plaintiff's professional reputation has been damaged by public accusations of misconduct and interference with his reinstatement.

26. Plaintiff has suffered humiliation, mental anguish, and emotional distress as a result of Defendants' actions.

**Count I – Arkansas Whistle-Blower Protection Act (Ark. Code Ann. § 21-1-601 et seq.)**

27. Plaintiff incorporates paragraphs 1–26 as if fully stated herein.

28. Plaintiff made good faith communications regarding violations of law, waste, abuse of authority, and gross mismanagement by City officials.

29. Defendants took adverse employment actions against Plaintiff because of these protected communications.

30. Defendants' actions violated the Arkansas Whistle-Blower Protection Act.

31. As a direct and proximate result of the defamatory statements, Plaintiff has suffered reputational harm, humiliation, emotional distress, and loss of future employment opportunities.

32. Plaintiff is entitled to recover compensatory damages, punitive damages, and all other relief permitted by Arkansas law.

**Count II – Arkansas Civil Rights Act (Ark. Code Ann. § 16-123-101 et seq.)**

31. Plaintiff incorporates paragraphs 1–30.

32. Defendants deprived Plaintiff of rights secured by the Arkansas Constitution, including free speech and due process, in violation of Ark. Code Ann. § 16-123-105 and the 14th Amendment.

33. Defendants' acts were intentional and malicious, causing Plaintiff damages.

34. As a direct and proximate result of the defamatory statements, Plaintiff has suffered reputational harm, humiliation, emotional distress, and loss of future employment opportunities.

35. Plaintiff is entitled to recover compensatory damages, punitive damages, and all other relief permitted by Arkansas law.

**Count III – First Amendment Retaliation (42 U.S.C. § 1983)**

34. Plaintiff incorporates paragraphs 1–33.

35. Plaintiff engaged in constitutionally protected speech on matters of public concern.

36. Defendants took adverse actions against Plaintiff that would chill a person of ordinary firmness from continuing such speech.

37. Plaintiff's protected speech was a substantial or motivating factor in Defendants' adverse actions.

38. Defendants acted under color of state law, violating clearly established rights.

39. As a direct and proximate result of the defamatory statements, Plaintiff has suffered reputational harm, humiliation, emotional distress, and loss of future employment opportunities.

40. Plaintiff is entitled to recover compensatory damages, punitive damages, and all other relief permitted by Arkansas law.

**COUNT IV – Violation of Due Process: Liberty Interest / Name-Clearing Hearing**

41. Plaintiff incorporates Paragraphs 1–38 as though fully set forth herein.

42. The Fourteenth Amendment to the United States Constitution, Article 2 of the Arkansas Constitution, and the Arkansas Civil Rights Act protect individuals from being deprived of liberty without due process of law.

43. A public employee has a protected liberty interest in his reputation when false, stigmatizing statements are made in connection with his termination from public employment.

44. Defendants, through Mayor Franklin, the Chief of Staff, and official City communications, publicly disseminated accusations that Plaintiff falsified documents, engaged in theft, impersonated a police officer, and otherwise committed acts of dishonesty and misconduct.

45. These statements were published to the public and the media, including FOX13, in connection with Plaintiff's termination as Assistant Fire Chief.

46. Such accusations impugn Plaintiff's honesty, morality, and integrity, effectively foreclosing his ability to pursue future employment in his chosen profession.

47. Plaintiff was not afforded a meaningful opportunity to clear his name through a due process hearing prior to or following the publication of these stigmatizing charges.

48. Plaintiff has demanded a name clearing hearing, but the City has not responded. Plaintiff is entitled to a name-clearing hearing and damages for the violation of his constitutional right to due process.

49. As a direct and proximate result of the defamatory statements, Plaintiff has suffered reputational harm, humiliation, emotional distress, and loss of future employment opportunities.

50. Plaintiff is entitled to recover compensatory damages, punitive damages, and all other relief permitted by Arkansas law.

**COUNT V – Defamation**

51. Plaintiff incorporates Paragraphs 1–46 as though fully set forth herein.

52. Defendants, acting in their official capacities, caused the release of a memorandum authored by Mayor Franklin and public statements by Chief of Staff James Valley that were published to the media and the general public.

53. The memorandum and related statements falsely alleged that Plaintiff:

    a. falsified documents;

    b. caused improper payments to be made to employees;

    c. engaged in "theft" of City funds; and

    d. impersonated a police officer.

54. These statements were repeated in a FOX13 news story and disseminated widely in the Helena-West Helena community and surrounding Mid-South region.

55. The statements were false, malicious, and made with actual knowledge of their falsity or reckless disregard for the truth.

56. The statements were not privileged communications but were intended to damage Plaintiff's professional reputation and standing in the community.

57. As a direct and proximate result of the defamatory statements, Plaintiff has suffered reputational harm, humiliation, emotional distress, and loss of future employment opportunities.

58. Plaintiff is entitled to recover compensatory damages, punitive damages, and all other relief permitted by Arkansas law.

**V. PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for:

a. Reinstatement to the position of Assistant Fire Chief;

b. Back pay and lost benefits;

c. Front pay in lieu of reinstatement (if reinstatement is not feasible);

d. Compensatory and punitive damages;

e. Attorney's fees and costs pursuant to 42 U.S.C. § 1988 and Ark. Code Ann. § 16-123-105(b); and

f. All other relief deemed just and proper.

**JURY DEMAND**

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted,

/s/ Luther Oneal Sutter

By:    Luther Oneal Sutter, Esq., ARBN 95031
Lucien R. Gillham, Esq., ARBN 99199
Caleb Baumgardner, Esq., ARBN2014183
Attorneys for Claimant
**SUTTER & GILLHAM, P.L.L.C.**
1501 N Pierce, Ste. 105
Little Rock, AR 72207
501/315-1910 – Office
501/315-1916 - Facsimile
Luther.sutterlaw@gmail.com
Lucien.gillham@gmail.com
Caleb.sglaw@gmail.com

ELECTRONICALLY FILED
Phillips County Circuit Court
Tamekia L. Franklin, Circuit Clerk
2025-Nov-25  09:11:14
54CV-25-267
C01D01 : 12 Pages

IN THE CIRCUIT COURT OF PHILLIPS COUNTY, ARKANSAS
CIVIL DIVISION

**DEMARCUS BORUM**                                                   **PLAINTIFF**

**V.**                            **CASE NO. 54CV-25-267**

**CITY OF HELENA-WEST HELENA, ARKANSAS;**
**MAYOR CHRISTOPHER FRANKLIN,**
**Individually and in his Official Capacity;**
**JAMES VALLEY, Individually and in his Official Capacity**            **DEFENDANTS**

### SEPARATE DEFENDANT'S ANSWER TO COMPLAINT

Come now, Separate Defendant, the City of Helena-West Helena, Mayor Christopher

Franklin, in his official capacity only[1], and James Valley, in his official capacity only[2] (collectively

"the City"), by and through its attorney, Jenna Adams, and for its Answer to Complaint, states:

### PARTIES, JURISDICTION AND VENUE

1.      The City is without knowledge or information to admit or deny whether Plaintiff is

a resident of Phillips County, Arkansas. The City admits that, at one point, Plaintiff was employed

by the City of Helena-West Helena as an Assistant Fire Chief.

2.      The City admits the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3.      The City affirmatively states that Defendant Christopher Franklin was the elected

Mayor of Helena-West Helena from January 2023 until June 30, 2025 and acknowledges that he

---

[1]Claims against individuals in their official capacities are equivalent to claims against the entity in which they work
for, in this case, the City of West Memphis. *Gorman v. Bartch*, 152 F.3d 907, 914 (8th Cir. 1998) (citing *Hafer v.
Melo*, 502 U.S. 21, 25 (1991)).
[2]Claims against individuals in their official capacities are equivalent to claims against the entity in which they work
for, in this case, the City of West Memphis. *Gorman v. Bartch*, 152 F.3d 907, 914 (8th Cir. 1998) (citing *Hafer v.
Melo*, 502 U.S. 21, 25 (1991)).

## EXHIBIT B

is being sued in his individual and official capacities. The City affirmatively states that Defendant James Valley was an employee of Helena-West Helena and acknowledges that he is being sued in his individual and official capacities.

4.      Paragraph 4 of Plaintiff's Complaint is jurisdictional in nature, thus no response is necessary. To the extent that a response is deemed necessary, the City denies that Plaintiff has a viable cause of action for any alleged claims due to its full and complete denial of any and all wrongdoing alleged.

5.      Paragraph 5 of Plaintiff's Complaint is jurisdictional in nature, thus no response is necessary. To the extent that a response is deemed necessary, the City denies that Plaintiff has a viable cause of action for any alleged claims due to its full and complete denial of any and all wrongdoing alleged. Defendants are removing this case to federal court as jurisdiction and venue is proper there.

## FACTUAL ALLEGATIONS

6.      The City admits that on December 30, 2022, Defendant Franklin, while a city councilman, voted to remove the Assistant Chief position in the Fire Department. The City denies the remaining allegations contained in Paragraph 6 of Plaintiff's Complaint. The City specifically denies any and all wrongdoing alleged.

7.      The City is without knowledge or information to admit or deny the allegations contained in Paragraph 7 of Plaintiff's Complaint, therefore, it is denied. The City specifically denies any and all wrongdoing alleged.

8.      The City is without knowledge or information to admit or deny the allegations contained in Paragraph 8 of Plaintiff's Complaint, therefore, it is denied. The City specifically denies any and all wrongdoing alleged.

9.    The City is without knowledge or information to admit or deny the allegations contained in Paragraph 9 of Plaintiff's Complaint, therefore, it is denied. The City specifically denies any and all wrongdoing alleged.

10.    The City is without knowledge or information to admit or deny the allegations contained in Paragraph 10 of Plaintiff's Complaint, therefore, it is denied. The City specifically denies any and all wrongdoing alleged.

11.    The City is without knowledge or information to admit or deny the allegations contained in Paragraph 11 of Plaintiff's Complaint, therefore, it is denied. The City specifically denies any and all wrongdoing alleged.

12.    The City is without knowledge or information to admit or deny the allegations contained in Paragraph 12 of Plaintiff's Complaint, therefore, it is denied. The City specifically denies any and all wrongdoing alleged.

13.    The City admits that one of the reasons that Plaintiff was terminated was for payroll falsification. The City denies the remaining allegations contained in Paragraph 13 of Plaintiff's Complaint. The City specifically denies any and all wrongdoing alleged.

14.    The City admits that Defendant Franklin left the December 17, 2024 executive session. The City denies the remaining allegations contained in Paragraph 14 of Plaintiff's Complaint. City Defendants specifically deny any and all wrongdoing alleged.

15.    The City is without knowledge or information to admit or deny the allegations contained in Paragraph 15 of Plaintiff's Complaint, therefore it is denied. City Defendants specifically deny any and all wrongdoing alleged.

16.    The City admits that the City Council voted to reinstate Plaintiff on January 28, 2025. The City is without sufficient knowledge or information to admit or deny the remaining

3

allegations contained in Paragraph 16 of Plaintiff's Complaint, therefore, it is denied. The City specifically denies any and all wrongdoing alleged.

17.     The City is without knowledge or information to admit or deny the allegations contained in Paragraph 17 of Plaintiff's Complaint, therefore, it is denied. The City specifically denies any and all wrongdoing alleged.

18.     The City admits that Plaintiff was reassigned to Captain, as the Assistant Chief position had already been filled. The City denies the basis and characterization of the remaining allegations contained in Paragraph 18 of Plaintiff's Complaint. The City specifically denies any and all wrongdoing alleged.

19.     The City admits that Plaintiff received the $35,000 base pay for the captain position. The City denies the remaining allegations contained in Paragraph 19 of Plaintiff's Complaint. City Defendants specifically deny any and all wrongdoing alleged.

20.     The City is without knowledge or information to admit or deny the allegations contained in Paragraph 20 of Plaintiff's Complaint, therefore, it is denied. The City specifically denies any and all wrongdoing alleged.

21.     The City is without knowledge or information to admit or deny the allegations contained in Paragraph 21 of Plaintiff's Complaint, therefore, it is denied. The City specifically denies any and all wrongdoing alleged.

22.     The City is without knowledge or information to admit or deny the allegations contained in Paragraph 22 of Plaintiff's Complaint, therefore, it is denied. The City specifically denies any and all wrongdoing alleged.

4

23.     The City is without knowledge or information to admit or deny the allegations contained in Paragraph 23 of Plaintiff's Complaint, therefore, it is denied. The City specifically denies any and all wrongdoing alleged.

24.     The City denies the allegations contained in Paragraph 24 of Plaintiff's Complaint. The City specifically denies any and all wrongdoing alleged.

25.     The City denies the allegations contained in Paragraph 25 of Plaintiff's Complaint. The City specifically denies any and all wrongdoing alleged.

26.     The City denies the allegations contained in Paragraph 26 of Plaintiff's Complaint. The City specifically denies any and all wrongdoing alleged.

**Count I – Arkansas Whistle-Blower Protection Act (Ark. Code Ann. § 21-1-601, et seq.)**

27.     The City realleges and incorporates by reference the responses contained in the preceding paragraphs of this Answer as though fully set forth herein.

28.     The City denies the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29.     The City denies the allegations contained in Paragraph 29 of Plaintiff's Complaint. The City specifically denies any and all wrongdoing alleged.

30.     The City denies the allegations contained in Paragraph 30 of Plaintiff's Complaint. The City specifically denies any and all wrongdoing alleged.

31.     The City denies the allegations contained in Paragraph 31 of Plaintiff's Complaint. The City specifically denies any and all wrongdoing alleged.

32.     The City denies the allegations contained in Paragraph 32 of Plaintiff's Complaint. The City specifically denies any and all wrongdoing alleged.

**Count II – Arkansas Civil Rights Act (Ark. Code Ann. § 16-123-101, et seq.)**

31.     The City realleges and incorporates by reference the responses contained in the preceding paragraphs of this Answer as though fully set forth herein.[3]

32.     The City denies the allegations contained in Paragraph 32 of Plaintiff's Complaint. The City specifically denies any and all wrongdoing alleged.

33.     The City denies the allegations contained in Paragraph 33 of Plaintiff's Complaint. The City specifically denies any and all wrongdoing alleged.

34.     The City denies the allegations contained in Paragraph 34 of Plaintiff's Complaint. The City specifically denies any and all wrongdoing alleged.

35.     The City denies the allegations contained in Paragraph 35 of Plaintiff's Complaint. The City specifically denies any and all wrongdoing alleged.

**Count III – First Amendment Retaliations (42 U.S.C. § 1983)**

34.     The City realleges and incorporates by reference the responses contained in the preceding paragraphs of this Answer as though fully set forth herein.[4]

35.     The City denies the allegations contained in Paragraph 35 of Plaintiff's Complaint. The City specifically denies any and all wrongdoing alleged.

36.     The City denies the allegations contained in Paragraph 36 of Plaintiff's Complaint. The City specifically denies any and all wrongdoing alleged.

37.     The City denies the allegations contained in Paragraph 37 of Plaintiff's Complaint. The City specifically denies any and all wrongdoing alleged.

38.     The City denies the allegations contained in Paragraph 38 of Plaintiff's Complaint. The City specifically denies any and all wrongdoing alleged.

---

[3] Plaintiff's Complaint has two Paragraphs 31-32. The City has numbered the paragraphs in its Answer to match the paragraphs as numbered in Plaintiff's Complaint.
[4] Plaintiff's Complaint has two Paragraphs 34-35. The City has numbered the paragraphs in its Answer to match the paragraphs as numbered in Plaintiff's Complaint.

39.     The City denies the allegations contained in Paragraph 39 of Plaintiff's Complaint. The City specifically denies any and all wrongdoing alleged.

40.     The City denies the allegations contained in Paragraph 40 of Plaintiff's Complaint. The City specifically denies any and all wrongdoing alleged.

**Count IV – Violation of Due Process: Liberty Interest / Name-Clearing Hearing**

41.     The City realleges and incorporates by reference the responses contained in the preceding paragraphs of this Answer as though fully set forth herein.

42.     Paragraph 42 of Plaintiff's Complaint contains conclusions of law, thus no response is necessary. The City specifically denies any and all wrongdoing alleged.

43.     Paragraph 43 of Plaintiff's Complaint contains conclusions of law, thus no response is necessary. The City specifically denies any and all wrongdoing alleged.

44.     The City denies the allegations contained in Paragraph 44 of Plaintiff's Complaint. The City specifically denies any and all wrongdoing alleged.

45.     The City denies the allegations contained in Paragraph 45 of Plaintiff's Complaint. The City specifically denies any and all wrongdoing alleged.

46.     The City denies the allegations contained in Paragraph 46 of Plaintiff's Complaint. The City specifically denies any and all wrongdoing alleged.

47.     The City denies the allegations contained in Paragraph 47 of Plaintiff's Complaint. The City specifically denies any and all wrongdoing alleged.

48.     The City admits that Plaintiff requested a name-clearing hearing, but denies that he is entitled to such due to the City's denial of any and all wrongdoing alleged.

49.     The City denies the allegations contained in Paragraph 49 of Plaintiff's Complaint. The City specifically denies any and all wrongdoing alleged.

50.     The City denies the allegations contained in Paragraph 50 of Plaintiff's Complaint. The City specifically denies any and all wrongdoing alleged.

**Count V – Defamation**

51.     The City realleges and incorporates by reference the responses contained in the preceding paragraphs of this Answer as though fully set forth herein.

52.     The City denies the allegations contained in Paragraph 52 of Plaintiff's Complaint. The City specifically denies any and all wrongdoing alleged.

53.     The City denies the allegations contained in Paragraph 53 of Plaintiff's Complaint. The City specifically denies any and all wrongdoing alleged.

54.     The City denies the allegations contained in Paragraph 54 of Plaintiff's Complaint. The City specifically denies any and all wrongdoing alleged.

55.     The City denies the allegations contained in Paragraph 55 of Plaintiff's Complaint. The City specifically denies any and all wrongdoing alleged.

56.     The City denies the allegations contained in Paragraph 56 of Plaintiff's Complaint. The City specifically denies any and all wrongdoing alleged.

57.     The City denies the allegations contained in Paragraph 57 of Plaintiff's Complaint. The City specifically denies any and all wrongdoing alleged.

58.     The City denies the allegations contained in Paragraph 58 of Plaintiff's Complaint. The City specifically denies any and all wrongdoing alleged.

59.     The City denies that Plaintiff is entitled to the relief requested in the WHEREFORE Paragraph of the Complaint. The City specifically denies any and all wrongdoing alleged.

60.     Plaintiff's request for a jury trial speaks for itself. The City requests a trial by jury as to all issues remaining at that time.

61.     The City denies each and every allegation not specifically admitted herein.

62.     The City reserves the right to plead further upon additional investigation and discovery, to include an amended answer.

## AFFIRMATIVE DEFENSES

1.      The Complaint should be dismissed due to the failure by Plaintiff to state facts or a claim upon which relief may be granted.

2.      The City affirmatively pleads the defenses of tort, qualified, good faith, statutory, and punitive damages immunity under all applicable doctrines of immunity pursuant to state and federal law, including but not limited to, Ark. Code Ann. § 21-9-301.

3.      The City affirmatively pleads the defenses provided by Ark. Code Ann. § 21-1-604(e)(1).

4.      The City requests that they be awarded an attorney's fee from the plaintiff as provided for in Ark. Code Ann. § 21-1-606.

5.      The City asserts the same-decision doctrine: Plaintiff would have been terminated irrespective of whether he allegedly uttered any protected speech, due to his own poor performance and misconduct and the same is undisputed.

6.      Plaintiff was an at-will employee, and his separation of employment was due to reasonable business judgment and necessity because of Plaintiff's poor performance, misconduct, and violation of policies among other lawful non-retaliatory reasons.

7.      The City asserts that it did not violate Plaintiff's rights.

8.      The City avails itself of all applicable statutes of limitations.

9.      The City avails itself of all defenses under the Whistle Blower Act and Ark. R. Civ. P. 8(c), including, but not limited to, lack of good faith, unclean hands, waiver, estoppel, and laches.

10.     The City asserts that it did not violate Plaintiff's rights and no alleged "whistleblowing" or speech was the cause of Plaintiff's separation from employment. Plaintiff cannot put forth any proof he was fired due to any speech or whistleblower. Further, in the alternative, Plaintiff's alleged speech or complaints was not a motivating factor in his termination and was not the but-for cause of his termination.

11.     Plaintiff failed to mitigate his damages.

12.     All actions regarding the Plaintiff were taken, made, and done in good faith and were not impermissibly based upon any unlawful consideration or otherwise the result of any unlawful motive. On the other hand, Plaintiff failed to make any alleged complaint in good faith.

13.     The City asserts any affirmative defenses suggested by the United States Supreme Court in the cases of *Garcetti*, *Connick*, and *Pickering*. This includes, but is not limited to, the defense that any alleged speech uttered by Plaintiff about which their Complaint pertains was not a matter of public concern. Further, no alleged protected speech or alleged association was a motivating factor or cause in fact for Plaintiff's separate from employment.

14.     The City asserts the defense of qualified privilege.

15.     The City asserts the defense of truth.

16.     The City states that the alleged statements, if any, and the publication of statements, if any, did not exceed the scope of the City's qualified privilege.

17.     Plaintiff has failed to plead facts supporting actual damage to his reputation.

18.     The City states that Plaintiff's Complaint fails to state with sufficient particularity or definiteness, the manner in which the alleged actions on the part of the Defendant caused or contributed to the cause of Plaintiffs alleged injury and damages.

19.     Any statements of the City concerning criminal activity are protected and privileged speech.

20.     The City pleads absolute privilege.

21.     Any statements reporting activity believed to be criminal are not actionable under Arkansas law.

22.     Any statements of the City are protected speech under the Arkansas and United States Constitutions

23.     The City reserves the right to amend and list additional defenses based on discovery in this action.

WHEREFORE, the City prays that the relief prayed for by the Plaintiff be denied and that the Complaint be dismissed, and for all other just and proper relief to which it may be entitled.

Respectfully submitted,

**SEPARATE DEFENDANT,**
**The City of Helena-West Helena**

By: /s/ Jenna Adams
Jenna Adams, Ark. Bar No. 2015082
P.O. Box 38
North Little Rock, AR 72115
TELEPHONE: 501-978-6115
FACSIMILE: 501-978-6558
EMAIL: jenadams@arml.org

## CERTIFICATE OF SERVICE

I, Jenna Adams, hereby certify that on November 25, 2025, I electronically filed the foregoing with the Clerk of the Court using the eFlex system which shall send notification to the following eFlex participants:

Luther Sutter
Lucien Gillham
Caleb Baumgardner
Sutter & Gillham, P.L.L.C.
luther.sutterlaw@gmail.com
luthersutter@yahoo.com
luthersutter.law@gmail.com
lucien.gillham@gmail.com
caleb.sglaw@gmail.com

/s/ Jenna Adams
Jenna Adams

12