ELECTRONICALLY FILED
Phillips County Circuit Court
Tamekia L. Franklin, Circuit Clerk
2025-Nov-25 09:11:14
54CV-25-267
C01D01 : 12 Pages

IN THE CIRCUIT COURT OF PHILLIPS COUNTY, ARKANSAS
CIVIL DIVISION

**DEMARCUS BORUM**                                                                               **PLAINTIFF**

V.                                   **CASE NO. 54CV-25-267**

**CITY OF HELENA-WEST HELENA, ARKANSAS;**
**MAYOR CHRISTOPHER FRANKLIN,**
**Individually and in his Official Capacity;**
**JAMES VALLEY, Individually and in his Official Capacity**         **DEFENDANTS**

### SEPARATE DEFENDANT'S ANSWER TO COMPLAINT

Come now, Separate Defendant, the City of Helena-West Helena, Mayor Christopher Franklin, in his official capacity only[1], and James Valley, in his official capacity only[2] (collectively "the City"), by and through its attorney, Jenna Adams, and for its Answer to Complaint, states:

### PARTIES, JURISDICTION AND VENUE

1. The City is without knowledge or information to admit or deny whether Plaintiff is a resident of Phillips County, Arkansas. The City admits that, at one point, Plaintiff was employed by the City of Helena-West Helena as an Assistant Fire Chief.

2. The City admits the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3. The City affirmatively states that Defendant Christopher Franklin was the elected Mayor of Helena-West Helena from January 2023 until June 30, 2025 and acknowledges that he

---

[1] Claims against individuals in their official capacities are equivalent to claims against the entity in which they work for, in this case, the City of West Memphis. *Gorman v. Bartch*, 152 F.3d 907, 914 (8th Cir. 1998) (citing *Hafer v. Melo*, 502 U.S. 21, 25 (1991)).

[2] Claims against individuals in their official capacities are equivalent to claims against the entity in which they work for, in this case, the City of West Memphis. *Gorman v. Bartch*, 152 F.3d 907, 914 (8th Cir. 1998) (citing *Hafer v. Melo*, 502 U.S. 21, 25 (1991)).

**EXHIBIT B**

is being sued in his individual and official capacities. The City affirmatively states that Defendant James Valley was an employee of Helena-West Helena and acknowledges that he is being sued in his individual and official capacities.

4. Paragraph 4 of Plaintiff's Complaint is jurisdictional in nature, thus no response is necessary. To the extent that a response is deemed necessary, the City denies that Plaintiff has a viable cause of action for any alleged claims due to its full and complete denial of any and all wrongdoing alleged.

5. Paragraph 5 of Plaintiff's Complaint is jurisdictional in nature, thus no response is necessary. To the extent that a response is deemed necessary, the City denies that Plaintiff has a viable cause of action for any alleged claims due to its full and complete denial of any and all wrongdoing alleged. Defendants are removing this case to federal court as jurisdiction and venue is proper there.

## FACTUAL ALLEGATIONS

6. The City admits that on December 30, 2022, Defendant Franklin, while a city councilman, voted to remove the Assistant Chief position in the Fire Department. The City denies the remaining allegations contained in Paragraph 6 of Plaintiff's Complaint. The City specifically denies any and all wrongdoing alleged.

7. The City is without knowledge or information to admit or deny the allegations contained in Paragraph 7 of Plaintiff's Complaint, therefore, it is denied. The City specifically denies any and all wrongdoing alleged.

8. The City is without knowledge or information to admit or deny the allegations contained in Paragraph 8 of Plaintiff's Complaint, therefore, it is denied. The City specifically denies any and all wrongdoing alleged.

9. The City is without knowledge or information to admit or deny the allegations contained in Paragraph 9 of Plaintiff's Complaint, therefore, it is denied. The City specifically denies any and all wrongdoing alleged.

10. The City is without knowledge or information to admit or deny the allegations contained in Paragraph 10 of Plaintiff's Complaint, therefore, it is denied. The City specifically denies any and all wrongdoing alleged.

11. The City is without knowledge or information to admit or deny the allegations contained in Paragraph 11 of Plaintiff's Complaint, therefore, it is denied. The City specifically denies any and all wrongdoing alleged.

12. The City is without knowledge or information to admit or deny the allegations contained in Paragraph 12 of Plaintiff's Complaint, therefore, it is denied. The City specifically denies any and all wrongdoing alleged.

13. The City admits that one of the reasons that Plaintiff was terminated was for payroll falsification. The City denies the remaining allegations contained in Paragraph 13 of Plaintiff's Complaint. The City specifically denies any and all wrongdoing alleged.

14. The City admits that Defendant Franklin left the December 17, 2024 executive session. The City denies the remaining allegations contained in Paragraph 14 of Plaintiff's Complaint. City Defendants specifically deny any and all wrongdoing alleged.

15. The City is without knowledge or information to admit or deny the allegations contained in Paragraph 15 of Plaintiff's Complaint, therefore it is denied. City Defendants specifically deny any and all wrongdoing alleged.

16. The City admits that the City Council voted to reinstate Plaintiff on January 28, 2025. The City is without sufficient knowledge or information to admit or deny the remaining

allegations contained in Paragraph 16 of Plaintiff's Complaint, therefore, it is denied. The City specifically denies any and all wrongdoing alleged.

17. The City is without knowledge or information to admit or deny the allegations contained in Paragraph 17 of Plaintiff's Complaint, therefore, it is denied. The City specifically denies any and all wrongdoing alleged.

18. The City admits that Plaintiff was reassigned to Captain, as the Assistant Chief position had already been filled. The City denies the basis and characterization of the remaining allegations contained in Paragraph 18 of Plaintiff's Complaint. The City specifically denies any and all wrongdoing alleged.

19. The City admits that Plaintiff received the $35,000 base pay for the captain position. The City denies the remaining allegations contained in Paragraph 19 of Plaintiff's Complaint. City Defendants specifically deny any and all wrongdoing alleged.

20. The City is without knowledge or information to admit or deny the allegations contained in Paragraph 20 of Plaintiff's Complaint, therefore, it is denied. The City specifically denies any and all wrongdoing alleged.

21. The City is without knowledge or information to admit or deny the allegations contained in Paragraph 21 of Plaintiff's Complaint, therefore, it is denied. The City specifically denies any and all wrongdoing alleged.

22. The City is without knowledge or information to admit or deny the allegations contained in Paragraph 22 of Plaintiff's Complaint, therefore, it is denied. The City specifically denies any and all wrongdoing alleged.

23. The City is without knowledge or information to admit or deny the allegations contained in Paragraph 23 of Plaintiff's Complaint, therefore, it is denied. The City specifically denies any and all wrongdoing alleged.

24. The City denies the allegations contained in Paragraph 24 of Plaintiff's Complaint. The City specifically denies any and all wrongdoing alleged.

25. The City denies the allegations contained in Paragraph 25 of Plaintiff's Complaint. The City specifically denies any and all wrongdoing alleged.

26. The City denies the allegations contained in Paragraph 26 of Plaintiff's Complaint. The City specifically denies any and all wrongdoing alleged.

**Count I – Arkansas Whistle-Blower Protection Act (Ark. Code Ann. § 21-1-601, et seq.)**

27. The City realleges and incorporates by reference the responses contained in the preceding paragraphs of this Answer as though fully set forth herein.

28. The City denies the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29. The City denies the allegations contained in Paragraph 29 of Plaintiff's Complaint. The City specifically denies any and all wrongdoing alleged.

30. The City denies the allegations contained in Paragraph 30 of Plaintiff's Complaint. The City specifically denies any and all wrongdoing alleged.

31. The City denies the allegations contained in Paragraph 31 of Plaintiff's Complaint. The City specifically denies any and all wrongdoing alleged.

32. The City denies the allegations contained in Paragraph 32 of Plaintiff's Complaint. The City specifically denies any and all wrongdoing alleged.

**Count II – Arkansas Civil Rights Act (Ark. Code Ann. § 16-123-101, et seq.)**

31.     The City realleges and incorporates by reference the responses contained in the preceding paragraphs of this Answer as though fully set forth herein.[3]

32.     The City denies the allegations contained in Paragraph 32 of Plaintiff's Complaint. The City specifically denies any and all wrongdoing alleged.

33.     The City denies the allegations contained in Paragraph 33 of Plaintiff's Complaint. The City specifically denies any and all wrongdoing alleged.

34.     The City denies the allegations contained in Paragraph 34 of Plaintiff's Complaint. The City specifically denies any and all wrongdoing alleged.

35.     The City denies the allegations contained in Paragraph 35 of Plaintiff's Complaint. The City specifically denies any and all wrongdoing alleged.

**Count III – First Amendment Retaliations (42 U.S.C. § 1983)**

34.     The City realleges and incorporates by reference the responses contained in the preceding paragraphs of this Answer as though fully set forth herein.[4]

35.     The City denies the allegations contained in Paragraph 35 of Plaintiff's Complaint. The City specifically denies any and all wrongdoing alleged.

36.     The City denies the allegations contained in Paragraph 36 of Plaintiff's Complaint. The City specifically denies any and all wrongdoing alleged.

37.     The City denies the allegations contained in Paragraph 37 of Plaintiff's Complaint. The City specifically denies any and all wrongdoing alleged.

38.     The City denies the allegations contained in Paragraph 38 of Plaintiff's Complaint. The City specifically denies any and all wrongdoing alleged.

---

[3] Plaintiff's Complaint has two Paragraphs 31-32. The City has numbered the paragraphs in its Answer to match the paragraphs as numbered in Plaintiff's Complaint.
[4] Plaintiff's Complaint has two Paragraphs 34-35. The City has numbered the paragraphs in its Answer to match the paragraphs as numbered in Plaintiff's Complaint.

39. The City denies the allegations contained in Paragraph 39 of Plaintiff's Complaint. The City specifically denies any and all wrongdoing alleged.

40. The City denies the allegations contained in Paragraph 40 of Plaintiff's Complaint. The City specifically denies any and all wrongdoing alleged.

**Count IV – Violation of Due Process: Liberty Interest / Name-Clearing Hearing**

41. The City realleges and incorporates by reference the responses contained in the preceding paragraphs of this Answer as though fully set forth herein.

42. Paragraph 42 of Plaintiff's Complaint contains conclusions of law, thus no response is necessary. The City specifically denies any and all wrongdoing alleged.

43. Paragraph 43 of Plaintiff's Complaint contains conclusions of law, thus no response is necessary. The City specifically denies any and all wrongdoing alleged.

44. The City denies the allegations contained in Paragraph 44 of Plaintiff's Complaint. The City specifically denies any and all wrongdoing alleged.

45. The City denies the allegations contained in Paragraph 45 of Plaintiff's Complaint. The City specifically denies any and all wrongdoing alleged.

46. The City denies the allegations contained in Paragraph 46 of Plaintiff's Complaint. The City specifically denies any and all wrongdoing alleged.

47. The City denies the allegations contained in Paragraph 47 of Plaintiff's Complaint. The City specifically denies any and all wrongdoing alleged.

48. The City admits that Plaintiff requested a name-clearing hearing, but denies that he is entitled to such due to the City's denial of any and all wrongdoing alleged.

49. The City denies the allegations contained in Paragraph 49 of Plaintiff's Complaint. The City specifically denies any and all wrongdoing alleged.

50. The City denies the allegations contained in Paragraph 50 of Plaintiff's Complaint. The City specifically denies any and all wrongdoing alleged.

### Count V – Defamation

51. The City realleges and incorporates by reference the responses contained in the preceding paragraphs of this Answer as though fully set forth herein.

52. The City denies the allegations contained in Paragraph 52 of Plaintiff's Complaint. The City specifically denies any and all wrongdoing alleged.

53. The City denies the allegations contained in Paragraph 53 of Plaintiff's Complaint. The City specifically denies any and all wrongdoing alleged.

54. The City denies the allegations contained in Paragraph 54 of Plaintiff's Complaint. The City specifically denies any and all wrongdoing alleged.

55. The City denies the allegations contained in Paragraph 55 of Plaintiff's Complaint. The City specifically denies any and all wrongdoing alleged.

56. The City denies the allegations contained in Paragraph 56 of Plaintiff's Complaint. The City specifically denies any and all wrongdoing alleged.

57. The City denies the allegations contained in Paragraph 57 of Plaintiff's Complaint. The City specifically denies any and all wrongdoing alleged.

58. The City denies the allegations contained in Paragraph 58 of Plaintiff's Complaint. The City specifically denies any and all wrongdoing alleged.

59. The City denies that Plaintiff is entitled to the relief requested in the WHEREFORE Paragraph of the Complaint. The City specifically denies any and all wrongdoing alleged.

60. Plaintiff's request for a jury trial speaks for itself. The City requests a trial by jury as to all issues remaining at that time.

61. The City denies each and every allegation not specifically admitted herein.

62. The City reserves the right to plead further upon additional investigation and discovery, to include an amended answer.

## **AFFIRMATIVE DEFENSES**

1. The Complaint should be dismissed due to the failure by Plaintiff to state facts or a claim upon which relief may be granted.

2. The City affirmatively pleads the defenses of tort, qualified, good faith, statutory, and punitive damages immunity under all applicable doctrines of immunity pursuant to state and federal law, including but not limited to, Ark. Code Ann. § 21-9-301.

3. The City affirmatively pleads the defenses provided by Ark. Code Ann. § 21-1-604(e)(1).

4. The City requests that they be awarded an attorney's fee from the plaintiff as provided for in Ark. Code Ann. § 21-1-606.

5. The City asserts the same-decision doctrine: Plaintiff would have been terminated irrespective of whether he allegedly uttered any protected speech, due to his own poor performance and misconduct and the same is undisputed.

6. Plaintiff was an at-will employee, and his separation of employment was due to reasonable business judgment and necessity because of Plaintiff's poor performance, misconduct, and violation of policies among other lawful non-retaliatory reasons.

7. The City asserts that it did not violate Plaintiff's rights.

8. The City avails itself of all applicable statutes of limitations.

9. The City avails itself of all defenses under the Whistle Blower Act and Ark. R. Civ. P. 8(c), including, but not limited to, lack of good faith, unclean hands, waiver, estoppel, and laches.

10. The City asserts that it did not violate Plaintiff's rights and no alleged "whistleblowing" or speech was the cause of Plaintiff's separation from employment. Plaintiff cannot put forth any proof he was fired due to any speech or whistleblower. Further, in the alternative, Plaintiff's alleged speech or complaints was not a motivating factor in his termination and was not the but-for cause of his termination.

11. Plaintiff failed to mitigate his damages.

12. All actions regarding the Plaintiff were taken, made, and done in good faith and were not impermissibly based upon any unlawful consideration or otherwise the result of any unlawful motive. On the other hand, Plaintiff failed to make any alleged complaint in good faith.

13. The City asserts any affirmative defenses suggested by the United States Supreme Court in the cases of *Garcetti*, *Connick*, and *Pickering*. This includes, but is not limited to, the defense that any alleged speech uttered by Plaintiff about which their Complaint pertains was not a matter of public concern. Further, no alleged protected speech or alleged association was a motivating factor or cause in fact for Plaintiff's separate from employment.

14. The City asserts the defense of qualified privilege.

15. The City asserts the defense of truth.

16. The City states that the alleged statements, if any, and the publication of statements, if any, did not exceed the scope of the City's qualified privilege.

17. Plaintiff has failed to plead facts supporting actual damage to his reputation.

18. The City states that Plaintiff's Complaint fails to state with sufficient particularity or definiteness, the manner in which the alleged actions on the part of the Defendant caused or contributed to the cause of Plaintiffs alleged injury and damages.

19. Any statements of the City concerning criminal activity are protected and privileged speech.

20. The City pleads absolute privilege.

21. Any statements reporting activity believed to be criminal are not actionable under Arkansas law.

22. Any statements of the City are protected speech under the Arkansas and United States Constitutions

23. The City reserves the right to amend and list additional defenses based on discovery in this action.

WHEREFORE, the City prays that the relief prayed for by the Plaintiff be denied and that the Complaint be dismissed, and for all other just and proper relief to which it may be entitled.

Respectfully submitted,

**SEPARATE DEFENDANT,**
**The City of Helena-West Helena**

By: /s/ Jenna Adams
Jenna Adams, Ark. Bar No. 2015082
P.O. Box 38
North Little Rock, AR 72115
TELEPHONE: 501-978-6115
FACSIMILE: 501-978-6558
EMAIL: jenadams@arml.org

## CERTIFICATE OF SERVICE

      I, Jenna Adams, hereby certify that on November 25, 2025, I electronically filed the foregoing with the Clerk of the Court using the eFlex system which shall send notification to the following eFlex participants:

Luther Sutter
Lucien Gillham
Caleb Baumgardner
Sutter & Gillham, P.L.L.C.
luther.sutterlaw@gmail.com
luthersutter@yahoo.com
luthersutter.law@gmail.com
lucien.gillham@gmail.com
caleb.sglaw@gmail.com

                                    /s/ Jenna Adams
                                    Jenna Adams