IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

DEMARCUS BORUM PLAINTIFF

v. Case No. 2:25CV00235 DPM

CITY OF HELENA-WEST HELENA, ARKANSAS, and
MAYOR CHRISTOPHER FRANKLIN,
Individually and in his Official Capacity, and
JAMES VALLEY, Individually and in his Official Capacity DEFENDANTS

**SEPARATE DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

Separate Defendant, Christopher Franklin ("Separate Defendant Franklin"), in his individual capacity, by and through his attorneys, Fuqua Campbell, P.A., and for his Answer to the Complaint ("Complaint") of Plaintiff, Demarcus Borum ("Plaintiff"), states:

1. Separate Defendant Franklin admits Plaintiff is a resident of Phillips County, Arkansas, and, at one point, he was employed by the City of Helena-West Helena as Assistant Fire Chief.

2. Separate Defendant Franklin admits the allegations contained in Paragraph 2 of the Complaint.

3. Separate Defendant Franklin admits James Valley was an employee of Helena-West Helena. Separate Defendant Franklin denies he is currently the duly elected mayor of Helena-West Helena. The remaining allegations of Paragraph 3 state the bases of Plaintiff's claims, and as such, no response is required. To the extent a response is deemed necessary, Separate Defendant Franklin denies the remaining allegations contained in Paragraph 3 of the Complaint.

4. Paragraph 4 of the Complaint contains legal conclusions and, as such, no response is required. To the extent a response is deemed necessary, Separate Defendant Franklin denies the allegations contained in Paragraph 4 of the Complaint.

5. Paragraph 5 of the Complaint contains legal conclusions and, as such, no response is required. To the extent a response is deemed necessary, Separate Defendant Franklin denies the allegations contained in Paragraph 5 of the Complaint.

6. Separate Defendant Franklin admits that on December 30, 2022, as a City Councilman, he voted to remove positions from the Fire Department. Separate Defendant Franklin denies the remaining allegations contained in Paragraph 6 of the Complaint. Separate Defendant Franklin denies any and all wrongdoing alleged.

7. Separate Defendant Franklin admits the allegations contained in Paragraph 7 of the Complaint.

8. Separate Defendant Franklin denies the allegations contained in Paragraph 8 of the Complaint. Separate Defendant Franklin denies any and all wrongdoing alleged.

9. Separate Defendant Franklin denies the allegations contained in Paragraph 9 of the Complaint. Separate Defendant Franklin denies any and all wrongdoing alleged.

10. Separate Defendant Franklin admits the Helena-West Helena Fire Department was one of numerous departments that participated in random drug testing after Separate Defendant Franklin was elected as mayor of Helena-West Helena. Separate Defendant Franklin denies the characterization that the drug testing was not random. Separate Defendant Franklin admits Plaintiff interfered with drug testing. Separate Defendant Franklin denies the remaining allegations contained in Paragraph 10 of the Complaint. Separate Defendant Franklin denies any and all wrongdoing alleged.

11. Separate Defendant Franklin denies the allegations contained in Paragraph 11 of the Complaint. Separate Defendant Franklin denies any and all wrongdoing alleged.

12. Separate Defendant Franklin denies the allegations contained in Paragraph 12 of the Complaint. Separate Defendant Franklin denies any and all wrongdoing alleged.

13. Separate Defendant Franklin admits that one of the reasons Plaintiff was terminated was for payroll falsification related to Tyler Jackson's overtime and sick leave. Separate Defendant Franklin denies the remaining allegations contained in Paragraph 13. Separate Defendant Franklin denies any and all wrongdoing alleged.

14. Separate Defendant Franklin admits that on December 17, 2024, he left the executive session. Separate Defendant Franklin denies the remaining allegations contained in Paragraph 14 of the Complaint. Separate Defendant Franklin denies any and all wrongdoing alleged.

15. Separate Defendant Franklin admits Derrick Fluker was hired to fill the vacant assistant fire chief position prior to the City Council's consideration of whether to rehire Plaintiff. Separate Defendant Franklin denies the characterization that Derrick Fluker was hired prior to the City Council's vote in an effort to exclude Plaintiff from the assistant fire chief position. Separate Defendant Franklin denies the remaining allegations contained in Paragraph 15 of the Complaint. Separate Defendant Franklin denies any and all wrongdoing alleged.

16. Separate Defendant Franklin admits the City Council voted to reinstate Plaintiff as a city employee. Separate Defendant Franklin denies the remaining allegations contained in Paragraph 16 of the Complaint. Separate Defendant Franklin denies any and all wrongdoing alleged.

17. Separate Defendant Franklin denies the allegations contained in Paragraph 17 of the Complaint. Separate Defendant Franklin denies any and all wrongdoing alleged.

18. Separate Defendant Franklin admits that Plaintiff was rehired as a fire captain. Separate Defendant Franklin denies the remaining allegations contained in Paragraph 18 of the Complaint. Separate Defendant Franklin denies any and all wrongdoing alleged.

19. Separate Defendant Franklin lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 19 of the Complaint, and, therefore, denies the allegations contained in Paragraph 19 of the Complaint.

20. Separate Defendant Franklin admits he did not issue a check to Plaintiff for the January 23, 2025, to February 5, 2025, pay period. Separate Defendant Franklin denies the remaining allegations contained in Paragraph 20 of the Complaint. Separate Defendant Franklin denies any and all wrongdoing alleged.

21. Separate Defendant Franklin admits he did not sign Plaintiff's paycheck for the January 23, 2025, to February 5, 2025, pay period. Separate Defendant Franklin lacks knowledge or information sufficient to admit or deny the second sentence of Paragraph 21 of the Complaint and, therefore, denies the allegations contained in the second sentence of Paragraph 21 of the Complaint. Separate Defendant Franklin denies the remaining allegations contained in Paragraph 21 of the Complaint. Separate Defendant Franklin denies any and all wrongdoing alleged.

22. Separate Defendant Franklin denies the allegations contained in Paragraph 22 of the Complaint. Separate Defendant Franklin denies any and all wrongdoing alleged.

23. Separate Defendant Franklin denies the allegations contained in Paragraph 23 of the Complaint. Separate Defendant Franklin denies any and all wrongdoing alleged.

24. Separate Defendant Franklin denies the allegations contained in Paragraph 24 of the Complaint. Separate Defendant Franklin denies any and all wrongdoing alleged.

25. Separate Defendant Franklin denies the allegations contained in Paragraph 25 of the Complaint. Separate Defendant Franklin denies any and all wrongdoing alleged.

26. Separate Defendant Franklin denies the allegations contained in Paragraph 26 of the Complaint. Separate Defendant Franklin denies any and all wrongdoing alleged.

27. Separate Defendant Franklin restates the foregoing.

28. Separate Defendant Franklin denies the allegations contained in Paragraph 28 of the Complaint. Separate Defendant Franklin denies any and all wrongdoing alleged.

29. Separate Defendant Franklin denies the allegations contained in Paragraph 29 of the Complaint. Separate Defendant Franklin denies any and all wrongdoing alleged.

30. Separate Defendant Franklin denies the allegations contained in Paragraph 30 of the Complaint. Separate Defendant Franklin denies any and all wrongdoing alleged.

31. Separate Defendant Franklin denies the allegations contained in Paragraph 31 of the Complaint. Separate Defendant Franklin denies any and all wrongdoing alleged.

32. Separate Defendant Franklin denies the allegations contained in Paragraph 32 of the Complaint. Separate Defendant Franklin denies any and all wrongdoing alleged.

33. Plaintiff misnumbered Paragraph 33 as Paragraph 31. Separate Defendant Franklin restates the foregoing.

34. Plaintiff misnumbered Paragraph 34 as Paragraph 32. Separate Defendant Franklin denies the allegations contained in Paragraph 34, identified as Paragraph 32 in the Complaint. Separate Defendant Franklin denies any and all wrongdoing alleged.

35. Plaintiff misnumbered Paragraph 35 as Paragraph 33. Separate Defendant Franklin denies the allegations contained in Paragraph 35, identified as Paragraph 33 in the Complaint. Separate Defendant Franklin denies any and all wrongdoing alleged.

36. Plaintiff misnumbered Paragraph 36 as Paragraph 34. Separate Defendant Franklin denies the allegations contained in Paragraph 36, identified as Paragraph 34 in the Complaint. Separate Defendant Franklin denies any and all wrongdoing alleged.

37. Plaintiff misnumbered Paragraph 37 as Paragraph 35. Separate Defendant Franklin denies the allegations contained in Paragraph 37, identified as Paragraph 35 in the Complaint. Separate Defendant Franklin denies any and all wrongdoing alleged.

38. Plaintiff misnumbered Paragraph 38 as Paragraph 34. Separate Defendant Franklin restates the foregoing.

39. Plaintiff misnumbered Paragraph 39 as Paragraph 35. Separate Defendant Franklin denies the allegations contained in Paragraph 39, identified as Paragraph 35 in the Complaint. Separate Defendant Franklin denies any and all wrongdoing alleged.

40. Plaintiff misnumbered Paragraph 40 as Paragraph 36. Separate Defendant Franklin denies the allegations contained in Paragraph 40, identified as Paragraph 36 in the Complaint. Separate Defendant Franklin denies any and all wrongdoing alleged.

41. Plaintiff misnumbered Paragraph 41 as Paragraph 37. Separate Defendant Franklin denies the allegations contained in Paragraph 41, identified as Paragraph 37 in the Complaint. Separate Defendant Franklin denies any and all wrongdoing alleged.

42. Plaintiff misnumbered Paragraph 42 as Paragraph 38. Separate Defendant Franklin denies the allegations contained in Paragraph 42, identified as Paragraph 38 in the Complaint. Separate Defendant Franklin denies any and all wrongdoing alleged.

43. Plaintiff misnumbered Paragraph 43 as Paragraph 39. Separate Defendant Franklin denies the allegations contained in Paragraph 43, identified as Paragraph 39 in the Complaint. Separate Defendant Franklin denies any and all wrongdoing alleged.

44. Plaintiff misnumbered Paragraph 44 as Paragraph 40. Separate Defendant Franklin denies the allegations contained in Paragraph 44, identified as Paragraph 40 in the Complaint. Separate Defendant Franklin denies any and all wrongdoing alleged.

45. Plaintiff misnumbered Paragraph 45 as Paragraph 41. Separate Defendant Franklin restates the foregoing.

46. Plaintiff misnumbered Paragraph 46 as Paragraph 42. Paragraph 46, identified as Paragraph 42 in the Complaint, contains legal conclusions and, as such, no response is required. To the extent a response is deemed necessary, Separate Defendant Franklin denies the allegations contained in Paragraph 46, identified as Paragraph 42 in the Complaint.

47. Plaintiff misnumbered Paragraph 47 as Paragraph 43. Paragraph 47, identified as Paragraph 43 in the Complaint, contains legal conclusions and, as such, no response is required. To the extent a response is deemed necessary, Separate Defendant Franklin denies the allegations contained in Paragraph 47, identified as Paragraph 43 in the Complaint.

48. Plaintiff misnumbered Paragraph 48 as Paragraph 44. Separate Defendant Franklin admits he authored a memorandum describing Plaintiff's misconduct. Separate Defendant Franklin affirmatively states that the memorandum speaks for itself. Separate Defendant Franklin denies the remaining allegations contained in Paragraph 48, identified as Paragraph 44 in the Complaint. Separate Defendant Franklin denies any and all wrongdoing alleged.

49. Plaintiff misnumbered Paragraph 49 as Paragraph 45. Separate Defendant Franklin admits FOX13 reported on Plaintiff's termination and, in that reporting, referenced the memorandum authored by Separate Defendant Franklin. Separate Defendant Franklin denies the remaining allegations contained in Paragraph 49, identified as Paragraph 45 in the Complaint. Separate Defendant Franklin denies any and all wrongdoing alleged.

50. Plaintiff misnumbered Paragraph 50 as Paragraph 46. Separate Defendant Franklin denies the allegations contained in Paragraph 50, identified as Paragraph 46 in the Complaint. Separate Defendant Franklin denies any and all wrongdoing alleged.

51. Plaintiff misnumbered Paragraph 51 as Paragraph 47. Separate Defendant Franklin denies the allegations contained in Paragraph 51, identified as Paragraph 47 in the Complaint. Separate Defendant Franklin denies any and all wrongdoing alleged.

52. Plaintiff misnumbered Paragraph 52 as Paragraph 48. Separate Defendant Franklin lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 52, identified as Paragraph 48 in the Complaint, that Plaintiff demanded a name clearing hearing or that Helena-West Helena did not respond to Plaintiff's request, and, therefore, denies these allegations. The remaining allegations contained in Paragraph 52, identified as Paragraph 48 in the Complaint, contain legal conclusions and, as such, no response is required. To the extent a response is deemed necessary, Separate Defendant Franklin denies the remaining allegations contained in Paragraph 52, identified as Paragraph 48 in the Complaint.

53. Plaintiff misnumbered Paragraph 53 as Paragraph 49. Separate Defendant Franklin denies the allegations contained in Paragraph 53, identified as Paragraph 49 in the Complaint. Separate Defendant Franklin denies any and all wrongdoing alleged.

54. Plaintiff misnumbered Paragraph 54 as Paragraph 50. Separate Defendant Franklin denies the allegations contained in Paragraph 54, identified as Paragraph 50 in the Complaint. Separate Defendant Franklin denies any and all wrongdoing alleged.

55. Plaintiff misnumbered Paragraph 55 as Paragraph 51. Separate Defendant Franklin restates the foregoing.

56. Plaintiff misnumbered Paragraph 56 as Paragraph 52. Separate Defendant Franklin admits he authored a memorandum describing Plaintiff's misconduct. Separate Defendant Franklin affirmatively states that the memorandum speaks for itself. Separate Defendant Franklin admits James Valley made statements regarding Plaintiff's termination. Separate Defendant Franklin denies the remaining allegations contained in Paragraph 56, identified as Paragraph 52 in the Complaint. Separate Defendant Franklin denies any and all wrongdoing alleged.

57. Plaintiff misnumbered Paragraph 57 as Paragraph 53. Separate Defendant Franklin denies the allegations contained in Paragraph 57, identified as Paragraph 53 in the Complaint, and all of its subparts. Separate Defendant Franklin denies any and all wrongdoing alleged.

58. Plaintiff misnumbered Paragraph 58 as Paragraph 54. Separate Defendant Franklin admits FOX13 reported on Plaintiff's termination and, in that reporting, referenced the memorandum authored by Separate Defendant Franklin and statements made by James Valley. Separate Defendant Franklin denies the remaining allegations contained in Paragraph 58, identified as Paragraph 54 in the Complaint. Separate Defendant Franklin denies any and all wrongdoing alleged.

59. Plaintiff misnumbered Paragraph 59 as Paragraph 55. Separate Defendant Franklin denies the allegations contained in Paragraph 59, identified as Paragraph 55 in the Complaint. Separate Defendant Franklin denies any and all wrongdoing alleged.

60. Plaintiff misnumbered Paragraph 60 as Paragraph 56. Separate Defendant Franklin denies the allegations contained in Paragraph 60, identified as Paragraph 56 in the Complaint. Separate Defendant Franklin denies any and all wrongdoing alleged.

61. Plaintiff misnumbered Paragraph 61 as Paragraph 57. Separate Defendant Franklin denies the allegations contained in Paragraph 61, identified as Paragraph 57 in the Complaint. Separate Defendant Franklin denies any and all wrongdoing alleged.

62. Plaintiff misnumbered Paragraph 62 as Paragraph 58. Separate Defendant Franklin denies the allegations contained in Paragraph 62, identified as Paragraph 58 in the Complaint. Separate Defendant Franklin denies any and all wrongdoing alleged.

63. Separate Defendant Franklin denies Plaintiff is entitled to any relief, including the relief sought in the "WHEREFORE" paragraph and all subsections.

64. Separate Defendant Franklin acknowledges Plaintiff's demand for a jury trial and demands a jury trial as well.

65. Separate Defendant Franklin denies, generally and specifically, all allegations of the Complaint not admitted.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief may be granted, and all claims should be dismissed pursuant to FED. R. CIV. P. 12(b)(6).

2. Plaintiff's claims are barred by applicable statutes of limitation.

3. Separate Defendant Franklin asserts that he did not violate any of Plaintiff's constitutional or statutory rights.

4. Separate Defendant Franklin asserts that he did not commit any of the offenses alleged in the Complaint.

5. Separate Defendant Franklin, at all times, acted in good faith to comply with all applicable federal and state laws and acted with reasonable grounds to believe his actions did not

violate the rights of Plaintiff, and Separate Defendant Franklin asserts a lack of willfulness or intent as a defense to any claim by Plaintiff for punitive damages.

6. Plaintiff's alleged injuries and damages were caused, in whole or in part, by pre-existing conditions and/or other contributory or concurrent conditions or factors, including events occurring prior or subsequent to the alleged occurrence(s) made the basis of Plaintiff's Complaint against Separate Defendant Franklin, such that responsibility for such alleged damages and/or injuries should be apportioned among pre-existing, contributory, or concurrent factors.

7. Separate Defendant Franklin demands allocation and apportionment of the relative degrees of fault of all parties who are appropriately at fault under the Arkansas Comparative Fault Statutes, including ARK. CODE ANN. § 16-64-122, the Civil Justice Reform Act of 2003, as codified at ARK. CODE ANN. § 16-61-201 *et seq*. and an allocation of fault of all parties and relevant non-parties in accordance with ARK. CODE ANN. § 16-61-201 *et seq*., the Arkansas Uniform Contribution Among Tortfeasors Act (UCATA), and all applicable statutes and case law. Separate Defendant Franklin is entitled to have any other party or parties allowable under Arkansas law on the verdict form as a non-party.

8. Separate Defendant Franklin avails himself of all applicable state and federal immunities, available in any capacity, including but not limited to, statutory, absolute, qualified, sovereign, and good faith immunities.

9. Separate Defendant Franklin asserts that he is immune from suit under ARK. CODE ANN. § 21-9-301. Separate Defendant Franklin does not have liability insurance that would provide coverage in this case.

10. Separate Defendant Franklin is entitled to qualified immunity. Specifically, Separate Defendant Franklin affirmatively pleads qualified immunity, or good-faith immunity, as

a bar to Plaintiff's claims. Separate Defendant Franklin in good faith believed his conduct to be reasonable and proper. Separate Defendant Franklin's conduct further did not violate clearly established statutory or constitutional rights, of which a reasonable person would have known.

11. Any injuries or damages were proximately caused by Plaintiff's own conduct and/or the conduct of others for whom Separate Defendant Franklin is not legally responsible.

12. Plaintiff's conduct was the sole cause of any injuries or damages Plaintiff claims to have sustained.

13. Consent is a complete bar and defense to the lawsuit and claims.

14. Separate Defendant Franklin is entitled to immunity from punitive damages.

15. Based upon information and belief, Plaintiff has failed to act reasonably to mitigate the alleged damages.

16. Any attorneys' fees claim should be dismissed pursuant to FED. R. CIV. P. 12(b)(6) because it fails to state facts upon which relief can be granted.

17. The Complaint should be dismissed pursuant to FED. R. CIV. P. 4 for insufficiency of process.

18. Any claims for punitive damages are barred because Separate Defendant Franklin has not engaged in any conduct motivated by evil motive or intent, nor has he engaged in any conduct with reckless or callous indifference to any protected rights.

19. Punitive damages claims are unconstitutional and should be dismissed for each of the following reasons:

a. There is no definitive standard for setting the amount of punitive damages and, therefore, an award of punitive damages without requiring Plaintiff to prove every element beyond a reasonable doubt or, in the alternative, by clear and convincing evidence, violates Separate

Defendant Franklin's due process rights under the United States Constitution, including the Fourteenth Amendment thereto, or the Arkansas Constitution.

b. An award of punitive damages violates Separate Defendant Franklin's due process and equal protection rights guaranteed by the United States Constitution, including the Fourteenth Amendment thereto, and the double jeopardy clause of the United States Constitution, as incorporated into the Fourteenth Amendment, in that a jury (1) is not provided a standard of sufficient clarity for determining the appropriateness, or the appropriate size, of a punitive damages award; (2) is not instructed on the limits of punitive damages imposed by the applicable principles of deterrents and punishment; (3) is not expressly prohibited from awarding punitive damages in whole or in part, on the basis of insidiously discriminatory characteristics of a defendant; (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; (5) is not subject to judicial review on the basis of objective standards; and (6) is not required to consider the character and degree of the alleged wrong.

c. An award of punitive damages under a process which fails to bifurcate the issue of punitive damages from the remaining issues violates Separate Defendant Franklin's due process rights guaranteed by the United States Constitution, including the Fourteenth Amendment thereto.

20. As a separate alternative affirmative defense to the Complaint, Separate Defendant Franklin alleges Plaintiff's claims may be barred by any or all of the affirmative defenses set forth in Rule 8(c) of the Federal Rules of Civil Procedure. The extent to which Plaintiff's claims may be barred by one or more affirmative defenses, not specifically stated here, cannot be determined until Separate Defendant Franklin has had an opportunity to complete discovery. Therefore,

Separate Defendant Franklin incorporates all affirmative defenses encompassed by Rule 8(c) as if fully set forth herein.

21. Separate Defendant Franklin may seek leave of the Court to plead additional defenses upon the discovery of new or additional information.

22. Separate Defendant Franklin affirmatively incorporates the affirmative defenses of all answering Defendants.

WHEREFORE, premises considered, Separate Defendant, Christopher Franklin, in his individual capacity, prays the Complaint of Plaintiff, Demarcus Borum, be dismissed, for his costs and attorney's fees, and all other appropriate relief.

Respectfully submitted by,

Annie Depper
Ark. Bar No. 2009267
E-mail: adepper@fc-lawyers.com
Sean Rowland
Ark. Bar No. 2024192
E-mail: srowland@fc-lawyers.com

**FUQUA CAMPBELL, P.A.**
Riviera Tower
3700 Cantrell Road, Suite 205
Little Rock, Arkansas 72202
501-374-0200 – Telephone
501-975-7153 – Facsimile

*Attorneys for Separate Defendant,*
*Christopher Franklin, Individually*